64 P.3d 78 (2003)
115 Wash.App. 914
John W. BEUHLER Jr., Appellant,
v.
T.W. SMALL Jr., Chelan County Superior Court Judge, Respondent.
No. 21531-8-III.
Court of Appeals of Washington, Division 3, Panel Six.
February 27, 2003.
*80 John William Beuhler, Lassel, Beuhler & Murdock, P.S., Kambra Lee Mellergaard, Attorney at Law, Wenatchee, WA, for Appellants.
Christine O. Gregoire, Attorney General, James Kendrick Pharris, Narda D. Pierce, Assistant Attorneys General, Olympia, WA, for Respondent.
*79 SCHULTHEIS, J.
Criminal defense attorney John Beuhler Jr. sued Chelan County Superior Court Judge T.W. Small Jr. for access to Judge Small's computer files. Judge Small kept notes and records from his past cases on a computer and occasionally referred to those files during sentencing. The trial court granted Judge Small's motion for summary judgment dismissal of the complaint and Mr. Beuhler appeals, contending the Washington public disclosure act (chapter 42.17 RCW), the common law, the Washington State Constitution, and due process authorize access to the judge's files. We disagree, and affirm.

FACTS
Mr. Beuhler is an attorney practicing in the Wenatchee area. During his frequent appearances before Judge Small defending clients charged with criminal offenses, Mr. Beuhler noticed that the judge referred to and typed into a notebook computer kept on the bench. Mr. Beuhler particularly noticed that the judge referred to information in the computer during the sentencing phase of the criminal trials.
Sometime in the spring of 2001, Mr. Beuhler asked Judge Small to provide him a copy of the computer files in question. In a letter written in May 2001, the judge declined to share the computer files with Mr. Beuhler. Judge Small explained that the files contained among other thingsthe date, name, standard range for the crime, and the sentence for each of his felony sentencings since 1995. He would occasionally check his notes to determine whether a plea agreement or a sentence following a conviction was fair and consistent. In effect, the judge stated, he was using his notes to refresh his recollection and to ensure relatively predictable sentences. Counsel from the State Ethics Advisory Committee assured Judge Small that his use of the notes was "completely ethical." Clerk's Papers (CP) at 104. The advisory committee also warned him that it would be unethical to share these notes with any attorney or prosecutor unless every other attorney and prosecutor received the same information. The judge concluded by stating, "it would be a practical impossibility for me to ethically share this information with you." CP at 104.
Mr. Beuhler next made a formal public disclosure request pursuant to chapter 42.17 RCW. Judge Small responded by letter, noting that all his court case files were available *81 at the county clerk's office, and refusing to give Mr. Beuhler a copy of his personal notes. Eventually Mr. Beuhler filed a complaint seeking production of the computer file. Judge Small moved for judgment on the pleadings (CR 12(c)), or alternatively, for summary judgment (CR 56). Because Mr. Beuhler presented affidavits outside the pleadings in his response to the motion, the trial court treated the motion as one for summary judgment. CR 12(c). After a hearing, the trial court granted the motion for summary judgment, concluding there was no authority to give a member of the public the right to examine and review the notes made by a judge for the judge's personal use in deciding cases.

RIGHT TO EXAMINE A TRIAL JUDGE'S PERSONAL COMPUTER RECORD
Mr. Beuhler contends the public has a right pursuant to the public disclosure act, the common law, the Washington Constitution, and due process to access the case notes kept by a trial judge. Because this is an appeal from a summary judgment, review is de novo. Wagg v. Estate of Dunham, 146 Wash.2d 63, 67, 42 P.3d 968 (2002). All evidence and reasonable inferences arising from the evidence are viewed in the light most favorable to Mr. Beuhler. Id. Summary judgment is appropriate if there is no genuine issue of material fact, and Judge Small is entitled to judgment as a matter of law. Id.
I. Public Disclosure Act (PDA). The public records portion of the PDA found in RCW 42.17.250-.348requires all state and local agencies to disclose any public record upon request, absent application of specific exemptions. O'Connor v. Dep't of Soc. & Health Servs., 143 Wash.2d 895, 905, 25 P.3d 426 (2001). We construe the PDA broadly and its exemptions narrowly, recognizing that its purpose is to keep public officials and institutions accountable to the people. Daines v. Spokane County, 111 Wash.App. 342, 347, 44 P.3d 909 (2002).
Mr. Beuhler contends the superior court is an agency and the judge's computer files are public records for the purposes of the PDA. However, in Nast v. Michels, 107 Wash.2d 300, 305-07, 730 P.2d 54 (1986), the Washington Supreme Court held that although the Department of Judicial Administration falls within the definition of an agency, neither courts nor court case files are specifically included in the PDA and are not within its realm. In light of the extensive development of the common law right of access to certain court case files, Nast held, a public citizen must look to the common law and the discretion of the trial court for inspection of judicial records. Id. at 303-04, 730 P.2d 54. Assuming for the sake of this argument that Judge Small's computer notes constitute judicial records, we find that the trial court here properly concluded that the PDA did not grant Mr. Beuhler a right to access the computer files.
II. Common Law. As noted in Nast, the common law right to inspect and copy judicial records is not absolute. Id. at 303, 730 P.2d 54. Generally case files are available except when specific reasons for nondisclosure exist, such as with adoption files and juvenile files. Id. On the one hand, courts have the inherent authority to control their records and proceedings. Cowles Publ'g Co. v. Murphy, 96 Wash.2d 584, 588, 637 P.2d 966 (1981). On the other hand, the public has an interest in the openness of the judicial process and the neutrality of the judiciary. Id. at 589, 637 P.2d 966. To that end, certain sensitive court recordssuch as affidavits of probable cause, search warrants, and inventoriesare made available to the public, subject to the magistrate's determination of whether the public's interests outweigh the interests of effective law enforcement and individual privacy. Id. at 590, 637 P.2d 966.
Cowles held that the issue of public access to records is determined by the role the documents play in our system of government and the legal process. Id. at 587, 637 P.2d 966. Mr. Beuhler contends Judge Small's computer files contain a register of his past sentences, and that this information is used by the judge to impose new sentences. Because the files provide evidence that is not found in the trial or sentencing record, he argues, their role is integral to the judge's *82 sentences and must be made available to the public. He misrepresents the nature and purpose of the files.
A judge's notes are not public simply because the judge is an elected official. See Cowles, 96 Wash.2d at 587, 637 P.2d 966 (referring to a judge's notes in conference). As noted in Copley Press, Inc. v. Superior Ct., 6 Cal.App.4th 106, 114, 7 Cal.Rptr.2d 841 (1992), most judges keep personal bench notes to remind them of aspects of their cases. A compilation of the judge's past sentences serves as nothing more than a memory aid. As such, files of a particular judge's past sentences supplement the judge's thought processes in the determination of a reasonable, consistent sentence within the sentencing guidelines. The Wisconsin Court of Appeals, addressing a similar attempt to access the sentencing court's handwritten notes, held that "even though the personal notes of a court are work related, they are nevertheless a voluntary piece of work completed by the trial court for its own convenience and to facilitate the performance of its duties." State v. Panknin, 217 Wis.2d 200, 212, 579 N.W.2d 52 (Ct.App.1998); see also Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce, 632 F.Supp. 1272, 1277 (D.D.C.1986), aff'd, 907 F.2d 203 (D.C.Cir.1990). Disclosure of such notes would intrude upon a judge's subjective thoughts and deliberations and would actively discourage the judge from giving advance thought to a particular sentence. Panknin, 217 Wis.2d at 209-10, 579 N.W.2d 52; State ex rel. Steffen v. Kraft, 67 Ohio St.3d 439, 440, 619 N.E.2d 688 (1993).
Judge Small declined to share his personal work file with Mr. Beuhler because he considered the file a compendium of thoughts, impressions, and former sentences, used to reach fair sentencing conclusions. He also pointed out that all his sentences were available to the public in the clerk's office, and that statistics on his sentences for certain offenses were published in an annual report by the Sentencing Guidelines Commission. Most important, the judge was not required to keep the computer files and they were never considered part of the case record. In light of the strong public policy supporting the court's authority to control its proceedings, and the inherent desirability of protecting the court's subjective thought processes, we find no common law basis to access Judge Small's personal work related computer files.
III. Washington Constitution.
Mr. Beuhler briefly argues that the right to a public trial guaranteed by article I, section 10 of the Washington Constitution requires access to Judge Small's computer files. Article I, section 10 generally provides a right of access to trials, pretrial hearings, transcripts of trials or pretrial hearings, and exhibits introduced at these proceedings. Seattle Times Co. v. Eberharter, 105 Wash.2d 144, 155, 713 P.2d 710 (1986). The provision requires disclosure whenever particular documents or records are instrumental in the process of determining guilt or innocence or judicial resolution of a civil controversy. Id. at 156, 713 P.2d 710.
When a party desires to seal or close particular court records or hearings, he or she must show (1) a compelling interest for closure; (2) that anyone present when the closure motion was made was given the opportunity to object; and (3) that the closure is the least restrictive means for protecting the threatened interests. State v. Bone-Club, 128 Wash.2d 254, 258-59, 906 P.2d 325 (1995); Seattle Times Co. v. Ishikawa, 97 Wash.2d 30, 37-39, 640 P.2d 716 (1982). The court then must weigh the competing interests and the alternatives suggested and must enter an order no broader in application or duration than is necessary to serve its purpose. Bone-Club, 128 Wash.2d at 259, 906 P.2d 325.
Under the facts of this case, however, article I, section 10 does not apply. Judge Small's personal computer files, although work related, are not part of any case record and do not constitute transcripts of criminal proceedings or exhibits.
IV. Due Process. Finally, Mr. Beuhler's argument that Judge Small is compelled by due process to provide access to his personal notes is unsupportable. Mr. Beuhler contends Judge Small relies on past criminal *83 sentences to impose new sentences. He asserts his clients are denied due process when they are not given an opportunity to refute the information on past criminal sentences. The record indicates that the computer files contain Judge Small's personal notes as well as a record of his felony sentencings since 1995. As discussed above, this personal work file serves as nothing more than a memory aid and a record of work related impressions. It does not constitute evidence utilized by the court to determine a defendant's sentence. See State v. Pollard, 66 Wash.App. 779, 784-85, 834 P.2d 51 (1992).
Affirmed.
We Concur: SWEENEY and KURTZ, JJ.