150 P.3d 158 (2007)
SPOKANE & EASTERN LAWYER, a Washington non-profit corporation, Appellant,
v.
HON. LINDA G. TOMPKINS, Presiding. Judge, Spokane County Superior Court for the State of Washington in and for Spokane County (Spokane County Superior Court); David Hardy, Administrator, Spokane County Superior Court; and the Spokane County Superior Court, Respondents.
No. 35084-0-II.
Court of Appeals of Washington, Division 2.
January 9, 2007.
Stephen Kerr Eugster, Law Office PSC, Spokane, WA, for Appellant.
*159 James P. Emacio, Attorney at Law, Spokane, WA, for Respondents. County Superior Court.
ARMSTRONG, J.
¶ 1 Spokane & Eastern Lawyer ("Spokane & Eastern") requested, under the Public Disclosure Act,[1] that the Spokane County Superior Court produce certain correspondence the Court had sent to the Washington State and Spokane County Bar Associations. When the Court denied the request, Spokane & Eastern moved for (1) the Court to show cause why it refused to allow inspection and copying of the requested documents and (2) an order allowing Spokane & Eastern to inspect and copy the requested records. A visiting judge denied Spokane & Eastern's motion, ruling that under Nast v. Michels, 107 Wash.2d 300, 730 P.2d 54 (1986), the Court is not an agency as defined in the Public Disclosure Act. We agree that Nast, if not strictly controlling, leads us to conclude that a superior court is not an agency for purposes of the Public Disclosure Act. Thus, we affirm.

FACTS
¶ 2 Spokane & Eastern, a non-profit corporation, requested under the Public Disclosure Act (PDA), to inspect and copy the following records from the Spokane County Superior Court:
For the period of January 1, 2005 to date, please provide Spokane & Eastern Lawyer with copies of the following public documents.
1. Letters, email, and other writings sent to the Washington State Bar Association regarding lawyers practicing in Spokane County, Washington by the court, the presiding judge[2] or any other judge of the Spokane County Superior Court.
2. Letters, email, and other writings directed to the Spokane County Bar Association and or Susan W. Troppmann, its president, by the court, the presiding judge or any other judge of the Spokane County Superior Court.
Clerk's Papers (CP) at 9.
¶ 3 James P. Emacio,[3] writing on the court's, court administrator's, and Judge Linda G. Tompkins's (collectively, "the Court") behalf, denied Spokane & Eastern's request. Emacio stated that because the Court is not an agency as defined in the PDA, the Act did not require the Court to disclose the requested documents.
¶ 4 Spokane & Eastern sued the Court for alleged PDA violations and requested an order to allow inspection and copying of public records. Spokane & Eastern also moved for an order requiring the Court to show cause for declining to disclose the requested records. See Former RCW 42.17.320 (2004) ("[d]enials of requests must be accompanied by a written statement of the specific reasons" for denial). A visiting judge granted the motion and ordered the Court to show cause for its denial.
¶ 5 After considering the pleadings, legal memoranda, and a declaration from Linda G. Tompkins, the visiting judge denied Spokane & Eastern's request to inspect and copy the Court's records. The judge ruled that the Court was "not an `Agency' as . . . defined in [former] RCW 42.17.020(1) [(2004)]." CP at 69.
¶ 6 The principal issue on appeal is whether the Spokane County Superior Court is a public agency as defined by the PDA.

ANALYSIS

I. STANDARD OF REVIEW
¶ 7 We review a trial court's denial of a public disclosure request de novo if the record before the trial court consisted entirely of documentary evidence, affidavits, and legal memoranda. Limstrom v. Ladenburg, 136 Wash.2d 595, 612, 963 P.2d 869 (1998) (citing Dawson v. Daly, 120 Wash.2d 782, 788, 845 *160 P.2d 995 (1993)). Here, the visiting judge ruled after considering the pleadings, legal memoranda, and a declaration. Thus, our review is de novo. See Limstrom, 136 Wash.2d at 612, 983 P.2d 869 (citing Dawson, 120 Wash.2d at 788, 845 P.2d 995).

II. DOES THE PDA APPLY TO SPOKANE & EASTERN'S REQUEST?
¶ 8 Under former RCW 42.17.020(1), "Agency":
includes all state agencies and all local agencies. "State agency" includes every state office, department, division, bureau, board, commission, or other state agency. "Local agency" includes every county, city, town, municipal corporation, quasi-municipal corporation, or special purpose district, or any office, department, division, bureau, board, commission, or agency thereof, or other local public agency.
¶ 9 An agency must "make available for public inspection and copying all public records, unless the record falls within [one of the PDA's] specific exemptions." Former RCW 42.17.260(1) (2004). The Court argues that in Nast, our Supreme Court held that "the judicial branch of government [is] not an `Agency' as that term is defined in [former] RCW 42.17.020(1)." Br. of Respondent at 9. The Court also cites Beuhler v. Small, 115 Wash.App. 914, 64 P.3d 78 (2003), for the proposition that courts are not subject to the PDA's requirements.
¶ 10 In Nast, the court held that the PDA did not apply to court case files because (1) the common law provides access to court case files, (2) the PDA does not specifically include courts or court case files within its definitions, and (3) to interpret the PDA public records section to include court case files undoes all the developed law protecting privacy and governmental interest. Nast, 107 Wash.2d at 307. 730 2.2d 64. In that case, the plaintiff challenged a procedure that required people seeking access to superior court case files to provide one-day advance notice before the superior court would make the case files available. Nast, 107 Wash.2d at 332, 733 P.2d. 54. As a threshold issue, the court had to determine whether the PDA provides access to superior court case files. Nast, 107 Wash.2d at 333, 730 P.2d 54. The court stated that "[t]he PDA definitions [of `agency' and `public record'] do not specifically include either courts or case files. A reading of the entire public records section of the PDA indicates and we end that they are not within the realm of the PDA." Nast, 107 Wash.2d at 306, 730 P.2d 54.
¶ 11 Citing Nast, the court in Beuhler stated that "neither courts nor court case files are specifically included in the PDA and are not within its realm." Beuhler, 115 Wash.App. at 918, 64 P.3d 78 (citing Nast, 107 Wash.2d at 305-07, 730 P.2d 54). In that case, an attorney sought disclosure of a superior court judge's computer files in which the judge kept notes and records from his past cases. Beuhler, 115 Wash.App. at 916-17, 64 P.3d 78. The court affirmed the trial court's summary judgment dismissal of the alleged PDA violation, holding that the PDA did not apply to courts and that, assuming the judge's notes constituted judicial records, "a public citizen must look to the common law and the discretion of the trial court for inspection." Beuhler, 115 Wash.App. at 918, 64 P.3d 78 (citations omitted).
¶ 12 Spokane & Eastern argues that Nast and Beuhler apply only to court files or records, which Spokane & Eastern is not asking for. According to Spokane & Eastern, the Nast language that "we must determine whether the judiciary and its case files are under the realm of the PDA" is dicta and Nast "only stands for the rule that case records are publicly available under" the common law. Reply Br. of App. at 3; App. Br. at 10; Reply Br. of App. at 5 (citing City of Bellevue v. Acrey, 103 Wash.2d 203, 207, 691 P.2d 957 (1984) and Concerned Coupeville Citizens v. Town of Coupeville, 62 Wash.App. 408, 416, 814 P.2d 243 (1991)); see Nast, 107 Wash.2d at 306, 730 P.2d 54. We disagree.
¶ 13 The Nast court could have decided the issue on the narrow grounds that court files are not subject to the PDA because other avenues provide access to the files. But it did not. Rather, the court defined the issue more broadly as "whether the judiciary and its court files are under the realm of the PDA."Nast, 107 Wash.2d at 306, 730 P.2d
*161 54. In addition, the court specifically addressed whether the Department of Judicial Administration (Administration) was an agency within the PDA. Nast, 107 Wash.2d at 305, 730 P.2d 54. And although the court conceded that technically the Administration fell within the PDA's definition of agency, it characterized the Administration as a "unique institution" because it served the judiciary, suggesting that the judiciary's immunity from the PDA extended to the Administration.[4]Nast, 107 Wash.2d at 305, 730 P.2d 54. This discussion would have been unnecessary if the court had focused only on whether court files were subject to the PDA. Finally, the Nast petitioner pointed to former RCW 2.64.110 (1987), which specifically exempted records of the Judicial Qualifications Commission from the PDA, apparently arguing that the legislature's failure to exempt the courts as it did the Commission, signaled the legislature's intent to include the courts within the PDA. Nast, 107 Wash.2d at 307, 730 P.2d 54. The court rejected the argument, noting that the Commission was "not a court." Nast, 107 Wash.2d at 307, 730 P.2d 54.
¶ 14 We conclude that under Nast's reasoning, the Spokane County Superior Court is not an agency under the PDA; accordingly, the trial court did not err in denying Spokane & Eastern access to the requested correspondence. Furthermore, because Spokane & Eastern did not prevail, and because the Spokane County Superior Court is not an agency, Spokane & Eastern may not recover attorney fees under RCW 42.56.550(4).
¶ 15 Affirmed.
We concur: BRIDGEWATER, P.J., and PENOYAR, J.
NOTES
[1] The Public Disclosure Act's public records and disclosure provisions are codified in chapter 42.56 RCW. When Spokane & Eastern made its initial request, chapter 42.17 RCW contained all of the Act's provisions.
[2] Linda G. Tompkins is currently the presiding judge of Spokane County Superior Court, a position she will hold until December 31, 2006.
[3] Emacio is the Spokane County Chief Civil Deputy Prosecuting Attorney.
[4] The dissent in Nast recognized that the majority explicitly held that superior courts do not fall within the PDA's definition of agency. Nast, 107 Wash.2d at 311, 730 P.2d 54 (Durham, J., dissenting) ("[t]he majority holds . . . that the Department of Judicial Administration is not covered by the PDA because the PDA does not cover courts").