In Re Estate of Koran Trombley, No. 737-10-11 Rdcv (Teachout, J., Nov. 7, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**  **CIVIL DIVISION**
**Rutland Unit**  **Docket No. 737-10-11 Rdcv**

**In Re Estate of Koran Trombley**

### Request to file petition under seal, No. 1

The Rules for Public Access to Court Records, along with case law and statutes, make clear that there is an affirmative right of public access to court records. See *In re Sealed Documents*, 172 Vt. 152 (2001); 4 V.S.A. § 652(4) (superior court files); V.R.P.A.C.R. 6(a) ("The public shall have access to all case records."); V.R.G.D.E.C.R. 3(a) ("The public shall have access to electronic case records…").

"It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978). As articulated by the Vermont Supreme Court, "[t]he common law has long recognized that courts are possessed of an inherent authority to deny access to otherwise public court records when necessary to serve overriding public or private interests." *In re Sealed Documents*, 172 Vt. at 160.

Case law has developed standards for determining whether motions to seal should be granted. See *In re Sealed Documents*, 172 Vt. at 161–62 (citing both civil and criminal decisions while setting forth factors to be analyzed by trial judge); *Petition of Keene Sentinel*, 612 A.2d 911, 915–16 (N.H. 1992) (holding that right of public access extends to divorce proceedings); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984) (holding that trial court abused discretion by ordering sealing of certain documents in civil proceedings without articulating specific reasons why sealing was essential to articulated interests of parties, and by failing to consider less restrictive means of redaction).

A motion to seal may not be granted until the Court has held a hearing and made a finding that there is good cause specific to the case as to why the motion to seal should be granted. The general procedure is set forth by Rule of Public Access 7(a):

> the Presiding Judge may seal from public access a record to
> which the public has access. All parties to the case to
> which the record relates, and such other interested persons
> as the court directs, have a right to notice and hearing
> before such order is issued, except that the court may issue

> a temporary order to seal or redact information from a record without notice and hearing until a hearing can be held. An order may be issued under this section only upon a finding of good cause specific to the case before the judge and exceptional circumstances. In considering such an order, the judge shall consider the policies behind this rule.

This procedure is supported by Vermont Rules Governing Dissemination of Electronic Case Records. Those rules also allow a party to make a motion to remove information from publically-accessible electronic case records, which the Court will decide after a hearing:

> A party or nonparty whose personal identifiers have been improperly included in a filed document or exhibit, or who asserts that a nonpublic document involving that person's interests has been placed in a publicly accessible file, may move under applicable procedural rules to redact the improperly included personal identifiers or to remove the document from the file, and for a temporary order sealing the filing pending disposition of the motion. After hearing, the court may seal the filing and order that a redacted version be placed in the publicly accessible file or that the document be placed in the nonpublic section of the electronic file of the case.

V.R.G.D.E.C.R. 3(e).

The contours of the analysis of "good cause" are set forth by *In re Sealed Documents*. The analysis begins with a presumption of public access, and then asks four questions. The first question is whether the presumption of public access has been overcome by a showing that "a substantial threat exists to the interests of effective law enforcement, or individual privacy and safety." *In re Sealed Documents*, 172 Vt. at 161 (quoting *Cowles Pub. Co. v. Murphy*, 637 P.2d 966, 969 (Wash. 1981)). Put another way, the question is whether the parties have advanced compelling reasons in favor of their request for nondisclosure. *Id*.

The second question is whether the parties have demonstrated the requisite harm with specificity as to each document. *In re Sealed Documents*, 172 Vt. at 161–62. The parties cannot prevail "merely by asserting a general privacy interest. The [] right of access to the sealed records must be weighed and balanced against privacy interests that are articulated with specificity." *Petition of Keene Sentinel*, 612 A.2d at 916.

The third question is whether redaction, or other alternative means, would be a less restrictive manner of protecting confidentiality interests than blanket sealing. *In re Sealed Documents*, 172 Vt. at 162. "Documents should be redacted when possible . . . so that the protective order will have the least intrusive effect on the public's right of

access." *Hammock by Hammock v. Hoffman-LaRoche, Inc.*, 662 A.2d 546, 559 (N.J. 1995).

Finally, the Court must examine each document individually, and make fact-specific findings with regard to why the presumption of access has been overcome. *In re Sealed Documents*, 172 Vt. at 162–63. The findings and conclusions must be specific enough to permit both appellate review and review by later trial courts confronted with requests for access to the sealed information. *Id.* Petitioner has the burden of demonstrating a compelling need for confidentiality.

A hearing will be scheduled to give Petitioner the opportunity to show that the standards set forth by *In re Sealed Documents* have been met as applied to the specific facts of this request to seal, and the three documents involved.

In the meantime, the Court grants the request to seal on a temporary basis, pending the hearing. The Court notes that the Petitioner filed the Petition and request to seal electronically. This means that the pleading is available to the public, as it appears that the technology is not yet in place for the filing of sealed documents in electronic form. Therefore, pursuant to Rule 2(b)(2) of the Vermont Rules for Electronic Filing, the Court authorizes the sealing of the pleadings in nonelectronic form in a paper file (which the court has already done), and will hold the electronically filed version in a restricted or confidential category of the electronic file cabinet pending the outcome of the hearing.

_____          _____

  **Judge**                                                                                  **Date**

**Date copies sent to:** _____                **Clerk's Initials** _____

**Copies sent to:**
    **Attorney Edward M. Van Dorn Jr. for Plaintiff Charles Trombley,**
        **Administrator of Estate of Koran Trombley**

3