# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BRIAN CORTLAND, | No.  52066-4-II |
| Appellant, | |
| v. | |
| LEWIS COUNTY, a Municipal Corporation, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, J. — Brian Cortland appeals the trial court's order on the merits concluding that Lewis County (the County) did not violate the Public Records Act (PRA), ch. 42.56 RCW. Cortland argues first that the trial court erred when it failed to make a finding of fact regarding which entity responded to his PRA request, and to the extent the trial court credited the County with the response submitted by the superior court, it erred. Cortland next contends that since the Lewis County Superior Court did not have authority to respond to his request under the PRA because it is a judicial entity, he effectively received no response, and thus, the County violated the PRA. Finally, under this same reasoning, he asserts that because the superior court performed the search rather than the County, the search was per se inadequate, and the County failed to meet its burden of proof establishing the adequacy of the search.

The County responds that Cortland has no cause of action under the PRA because he makes no claim that he was denied access to records he was entitled to copy and inspect. In addition, the County maintains it did not violate the PRA when the superior court searched for and produced responsive records on its behalf. Finally, the County argues that the thoroughness of the superior court's search was uncontested and the burden of proof as to the adequacy of the search was met on the evidence submitted to the trial court.

We affirm the trial court. The County had no duty to go beyond its own records to produce records in response to Cortland's request addressed to a nonexistent agency. Accordingly, the County properly denied Cortland's request when it directed Cortland to resubmit his inquiry to the superior court, the sole entity responsible for administering the law library. Furthermore, the County had no duty to go beyond its own records in conducting a search, and Cortland provides no evidence that the County held responsive records that it would have uncovered had it completed a more thorough search. Finally, because Cortland does not challenge the trial court's finding of fact that he received "timely responses and records to each request," he has no cause of action under the PRA. Clerk's Papers (CP) at 317.

## FACTS

Between August 2, 2016 and September 13, 2016, Cortland filed numerous PRA requests addressed exclusively to the Lewis County Law Library Board. But in early 2010, the Lewis County Law Library Board of Trustees ("board") disbanded and the Lewis County Superior Court assumed all of the board's duties. Records pertaining to the law library have been maintained by Susie Parker, the Superior Court Administrator and Public Records Officer for the superior court, ever since.

Cortland had previously submitted requests, also addressed to the Lewis County Law Library Board on December 9, 2015. The lawsuit pertaining to the PRA requests from December 9, 2015 is the subject of a separate appeal, No. 51987-9-II, pending before us.

As it pertains to this appeal, Cortland sent his first PRA request addressed to the "Lewis County Law Library Board" to Lisa Conzatti on August 2, 2016 because he could not find a contact person for the law library board, and Conzatti was listed as a contact for the Lewis County Law and Justice Council. Conzatti responded on August 3, stating that "'[a]lthough the Law Library is located near the Clerk's Office,'" it is not "'the Clerk's responsibility'" and directed him to contact Parker, the superior court administrator, for assistance in his request. *Id.* at 5 (alteration in original). Cortland followed these instructions, and he forwarded the August 2 PRA request, as well as all subsequent requests, directly to Parker.

Cortland received responses for each of his requests. Glenn Carter, Lewis County Chief Civil Deputy Prosecuting Attorney, responded to every request submitted by Cortland to the nonexistent board, stating that he received the request from the superior court, which administers the law library in lieu of the board. Carter clarified that he responded to Cortland's request on behalf of the court "in its capacity of having assumed the functions of the Law Library Board," and he reaffirmed that requests are governed by GR 31.1. CP at 63, 79, 84, 99, 148, 156, 159, 167.

Parker directed the search for responsive documents and enlisted the assistance of the Information Services Department to procure electronic records. She also reviewed the physical records in the court's possession.

Cortland filed a lawsuit naming the County as the defendant on July 27, 2017 (Thurston County Cause No. 17-2-04278-34). This suit was filed shortly after the same judge ruled in his favor with respect to the December 9, 2015 PRA request.

Cortland's lawsuit pertaining to the August and September PRA requests alleged that the County violated the PRA because it did not respond or produce records. It appears that the parties filed cross motions for summary judgment, and the County prevailed initially. Cortland filed a motion for reconsideration, which the court granted, and it set a hearing on the merits to determine claims related to adequacy of the County's search for records.

Following a hearing on the merits, the trial court found that Cortland received timely responses and records and that the production of records via the superior court satisfied the County's duties under the PRA. The court, referencing the other PRA case related to the December 9, 2015 request, concluded that because it held that "the Lewis County Superior Court could not escape the PRA obligations of the Lewis County Law Library Board, which the Court rules was a nonjudicial agency subject to the PRA," in the prior suit "[b]y the same token . . . the Superior Court's response to a PRA request here was effective in satisfying those obligations." *Id.* at 318. The trial court further concluded that because Cortland did not raise an argument regarding the thoroughness of the search, and the search was "reasonably calculated to uncover the relevant documents," that "Lewis County carried its burden to show an adequate search." *Id.* at 319. Accordingly, the trial court ruled that Cortland's claims failed on the merits.

Cortland appeals, challenging the trial court's order on the merits.

DISCUSSION

I. LEGAL PRINCIPLES

"The PRA is a strongly worded mandate for broad disclosure of public records." *Neigh. All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 714, 261 P.3d 119 (2011). The PRA "stands for the proposition that, '*full access* to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society.'" *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 251, 884 P.2d 592 (1994) (*PAWS* II) (quoting former RCW 42.17.010(11) (1975)). And when evaluating a claim within the framework of the PRA, a court must "take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.56.550(3).

RCW 42.56.070(1) directs government agencies to disclose public records upon request unless a specific exemption in the PRA applies or some other statute applies that exempts or prohibits disclosure of specific information or records. *Ameriquest Mortg. Co. v. Office of Att'y Gen. of Wash.*, 177 Wn.2d 467, 485-86, 300 P.3d 799 (2013). Consistent with the PRA's purpose, RCW 42.56.030 expressly requires that the PRA be "liberally construed and its exemptions narrowly construed . . . to assure that the public interest will be fully protected."

Agency actions under the PRA are reviewed de novo. *Neigh. All.*, 172 Wn.2d at 715 (citing RCW 42.56.550(3)). A PRA case may be decided based on affidavits alone. *O'Neill v. City of Shoreline*, 170 Wn.2d 138, 153-54, 240 P.3d 1149 (2010).

5

## II.  THE COUNTY'S RESPONSE

Cortland argues that the trial court erred because it failed to make an explicit finding of fact regarding which entity responded to his PRA request.  He contends that the evidence shows that the Lewis County Superior Court was the only entity that responded to his request.  And because he received a response from only the superior court, he argues that he received no response at all given that the superior court is not an agency within the scope of the PRA.  Thus, he argues that the County violated its duty to respond under RCW 42.56.520.

We disagree with Cortland and hold that the County responded to Cortland's request as required under RCW 42.56.520 by denying the request and directing him to resubmit his request to the superior court, which was the entity that held the records he was requesting.  The County had no further duty to provide records beyond its denial of the request because the request was addressed to an entity that no longer existed and whose functions had been entirely subsumed by the superior court.

RCW 42.56.520(1) provides that upon receiving a request, an agency must respond within five days by either providing records, denying the request, or acknowledging the request and providing an estimate for the time it will take to respond.  *Rufin v. City of Seattle*, 199 Wn. App. 348, 359, 398 P.3d 1237 (2017), *review denied*, 189 Wn.2d 1034 (2018).  Failure to so respond within five days of receiving a request violates the PRA.  *Id.*

The county clerk informed Cortland on August 3, one day after he submitted his request, that "'[a]lthough the Law Library is located near the Clerk's Office, it isn't the Clerk's responsibility.  Please contact Susie Parker, Superior Court Administrator . . . for assistance with your request.'"  CP at 5.  Thus, the County promptly responded under RCW 42.56.520(1)(e) by

denying Cortland's request, explaining that he submitted his request to the wrong entity, and directing him to the proper individual who would address his request and who eventually did provide complete and timely responses.

"The [PRA] 'does not require . . . an agency to go outside its own records and resources to try to identify or locate the record requested.'" *Koenig v. Pierce County*, 151 Wn. App. 221, 232-33, 211 P.3d 423 (2009) (second alteration in original) (quoting *Limstrom v. Ladenburg*, 136 Wn.2d 595, 604 n.3, 963 P.2d 869 (1998) (plurality opinion)). A public record must also be "'prepared, owned, used, or retained'" by an agency in order to compel disclosure of the record under the PRA. *Nissen v. Pierce County*, 183 Wn.2d 863, 879, 357 P.3d 45 (2015) (quoting RCW 42.56.010(3)).

Here, nearly all of Cortland's requests were for records that only the superior court possessed because either the request sought documents pertaining to the law library's administration after the board disbanded or the request specifically sought information related to the court's decision to take over the board. The superior court also appears to have maintained the records that predate the board's dissolution. Thus, to produce documents in response to Cortland's request, the County would have been required to go outside its own records and obtain documents "prepared, owned, used, or retained" by only the superior court. RCW 42.56.010(3). And as Cortland correctly notes throughout his brief, the superior court is not an agency within the PRA. Rather it is "unquestionably part of the judiciary, which is not subject to the [PRA]." Br. of Appellant at 11 (citing *Spokane & E. Lawyer v. Tompkins*, 136 Wn. App. 616, 622, 150 P.3d 158 (2007)).

7

Cortland's PRA requests were all directed to "the Lewis County Law Library Board" and not to the County. But the board ceased functioning in 2010, as Cortland was well aware given his earlier PRA request from December 2015. Cortland fails to explain why the County was required to produce documents when the superior court was administering the law library, especially given that his requests sought information specifically pertaining to the board's dissolution and the court's administration of the law library following the dissolution. Cortland also provides no explanation regarding why the documents must be produced by an agency under the PRA, as opposed to a judicial entity pursuant to GR 31.1, beyond his own designation of the request under the PRA.[1]

When the County denied Cortland's request and directed Cortland to resubmit his request to the superior court, it acted in accord with the spirit of the PRA and helped ensure that Cortland had full access to the records he sought. *See PAWS* II, 125 Wn.2d at 251. Cortland does not challenge the trial court's finding that he received complete and timely responses to all of his requests, nor does he assert that Lewis County possessed additional responsive records that he was denied because he was forced to redirect his request to the superior court. Cortland's only contention is that the complete and timely response he received was not provided by the correct agency. The PRA does not appear to provide a remedy under such circumstances. *See* RCW 42.56.550(1).

---

[1] GR 31.1 expressly precludes imposition of any attorney fees, costs, or civil penalties from being awarded under the rule, unlike the PRA that mandates a penalty for an agency's denial of certain rights under the Act. *Compare* GR 31.1(e) *with* RCW 42.56.550(4).

Accordingly, we hold that the County did not have a duty to produce records and satisfied its obligations under the PRA when it denied Cortland's request and directed him to submit his request to the entity that succeeded the board and to which his specific requests pertained.

### III. ADEQUACY OF THE SEARCH

Cortland also claims that the search for records conducted by the superior court was per se inadequate because only the County could have conducted an adequate search. He further contends that the County did not meet its burden of establishing that it conducted an adequate search "beyond material doubt," as required under *Neighborhood Alliance*, 172 Wn.2d at 721, because the County did not present any evidence that its search was adequate. Br. of Appellant at 21. We disagree.

The PRA requests at issue were addressed to a nonexistent law library board that had been taken over by the superior court and sought records pertaining to the board's dissolution, as well as to the law library's administration following dissolution. Thus, there is no evidence that the County had, or should have had, responsive records and "there is 'no agency action to review under the Act' where the agency did not deny the requestor an opportunity to inspect or copy a public record, because the public record he sought 'did not exist.'" *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 740, 218 P.3d 196 (2009) (quoting *Sperr v. City of Spokane*, 123 Wn. App. 132, 137, 96 P.3d 1012 (2004)). In addition, Lewis County had no duty to search beyond its own records when responding to a PRA request, and therefore had no duty to obtain any responsive documents held by the superior court. *See Koenig*, 151 Wn. App. at 232-33.

Cortland relies on *Neighborhood Alliance* to support his assertion that the agency has the burden of establishing the adequacy of its search and that the County has failed to satisfy this

9

burden because there is no evidence that it conducted an adequate search. But Cortland fails to point to any evidence that would indicate the County possessed documents responsive to his request, which distinguishes this case from *Neighborhood Alliance*. 172 Wn.2d at 722-23.

In *Neighborhood Alliance*, our Supreme Court imposed a duty on agencies to conduct a reasonable search. *Id.* at 720-21. Whether an agency's search is reasonable will "depend on the facts of each case," but the search must be "reasonably calculated to uncover all relevant documents." *Id.* at 720. There was at least some basis for the court to assume, in *Neighborhood Alliance*, that the record existed and would have been discovered by the agency if only the agency had engaged in a search "reasonably calculated" to uncover the document. *Id.* Spokane County's Building and Planning Department was suspected of unfair hiring practices and a seating chart that substantiated the suspicion was anonymously submitted to the Neighborhood Alliance, which then submitted a PRA request to the county. *Id.* at 709-10. The computer from which the seating chart was printed was replaced shortly after a newspaper article questioned the propriety of the Building and Planning Department's decision to hire the commissioner's son. *Id.* at 711 n.2.

In response to Spokane County's claim that it did not have Neighborhood Alliance's requested record, our Supreme Court held that "the focus of the inquiry is not whether responsive documents do in fact exist, but whether the search itself was adequate." *Id.* at 719-20. Because the county searched only the new computer and did not provide any explanation regarding why it neglected to search the old computer or any other places likely to contain the record, the court held that the county's search was inadequate. *Id.* at 722-23. Thus, "[w]hen an agency denies a public records request on the grounds that no responsive records exist, its response should show at least

some evidence that it sincerely attempted to be helpful." *Fisher Broad.-Seattle TV LLC v. City of Seattle*, 180 Wn.2d 515, 522, 326 P.3d 688 (2014) (citing *Neigh. All.*, 172 Wn.2d at 722).

Under the circumstances in this case, however, it was reasonable for the County to conclude that it held no responsive documents given that Cortland's PRA requests specifically sought information only the superior court possessed. There is nothing in the record to suggest that the County withheld responsive documents because it neglected to conduct a sufficiently thorough search, as was the case in *Neighborhood Alliance*. 172 Wn.2d at 722-23. The County's response to Cortland's request is in accord with the express mandate of the PRA, which calls "for broad disclosure of public records." *Id.* at 714. When the County directed Cortland to resubmit his request to the entity most likely to uncover responsive documents and that did provide Cortland with complete and timely responses, the County preserved the Act's underlying purpose. Cortland's unsupported assertion that the County did not conduct an adequate search, in light of his failure to even suggest that he received anything less than a complete and timely response, contravenes the spirit of the PRA and fails on the merits. Accordingly, we hold that the trial court did not err.

## IV. NO PRA CAUSE OF ACTION

Cortland fails to demonstrate that he has a cognizable claim under the PRA because he was not denied the right to inspect or copy any public records. This is so regardless of which agency responded to his request. RCW 42.56.550 provides a private right of action by which requesters may challenge violations of the Act. *Belenski v. Jefferson County*, 186 Wn.2d 452, 457, 378 P.3d 176 (2016). This statute provides in pertinent part that

> [u]pon the motion of any person having been denied an opportunity to inspect or copy a public record by an agency, the superior court in the county in which a record

>is maintained may require the responsible agency to show cause why it has refused to allow inspection or copying of a specific public record or class of records. The burden of proof shall be on the agency to establish that refusal to permit public inspection and copying is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records.

RCW 42.56.550(1). The plain meaning of RCW 42.56.550(1) demonstrates that Cortland had no viable basis to sue the County under the facts of this case. "Statutory interpretation starts with the plain meaning of the language; the plain meaning controls if it is unambiguous." *Nissen*, 183 Wn.2d at 881. The plain meaning of RCW 42.56.550(1) is unambiguous; a cause of action exists only where an individual has been denied the right to copy and inspect records under the PRA.

But Cortland does not argue that he was denied a right to copy and inspect records after he was directed to submit his requests to the superior court or that the documents produced by the superior court were anything less than completely responsive. He argues only that the County violated the PRA because a different government agency responded and produced all of the records that he requested.

Moreover, the legislature has specifically directed courts, when reviewing agency actions under the PRA, to bear in mind "the policy of this chapter that free and open examination of public records is in the public interest." RCW 42.56.550(3). Cortland had access to all the records he sought and makes no claim otherwise beyond the fact that the responsive documents came in under the wrong letterhead. There was no obstruction of his ability to freely and openly examine public records.

In addition, Cortland's argument that the superior court had no authority to respond to his request, thereby rendering the response it did provide void, is not supported by the authority he cites. Cortland relies on *City of Federal Way v. Koenig*, 167 Wn.2d 341, 346, 217 P.3d 1172 (2009), and *Spokane & Eastern Lawyer*, 136 Wn. App. at 622, to argue that because the judiciary is not subject to the PRA, it would be a violation of the doctrine of stare decisis to hold that the superior court is permitted to respond to his request. But these cases do not stand for the proposition that a judicial entity is forbidden from, or has no authority to, produce records in response to a request where it elects to do so. *See, e.g.*, *City of Federal Way*, 167 Wn.2d at 346; *see also Spokane & E. Lawyer*, 136 Wn. App. at 622. Thus, they do not assist Cortland.

Because Cortland makes no argument that he was denied a requested record here, he has no cause of action. *See Hobbs v. State*, 183 Wn. App. 925, 936, 335 P.3d 1004 (2014).

## CONCLUSION

We hold that the County owed no duty to produce records in response to a PRA request addressed to a nonexistent entity that had been taken over by a judicial administrative entity. Given the nature of Cortland's requests, the County did not have a duty to search beyond its own records to respond to Cortland's requests, and therefore it was reasonable for the County to conclude that it did not possess responsive records. In addition, Cortland does not challenge the trial court's

No. 52066-4-II

finding that he received complete and timely responses to all of his requests from the superior

court, and so he has no cause of action under the PRA. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

CRUSER, J.

We concur:

SUTTON, P.J.

GLASGOW, J.

14