217 P.3d 1172 (2009)
CITY OF FEDERAL WAY, a Washington municipal corporation, Respondent,
v.
David KOENIG, a Washington State resident, Appellant.
No. 82288-3.
Supreme Court of Washington, En Banc.
Argued June 9, 2009.
Decided October 15, 2009.
William John Crittenden, Attorney at Law, Seattle, WA, for Appellant.
Ramsey E. Ramerman, Kirkland, WA, P. Stephen Dijulio, Foster Pepper PLLC, Seattle, WA, for Respondents.
James Kendrick Pharris, Attorney at Law, Alan D. Copsey, Office of the Attorney General, Olympia, WA, Amicus Curiae on behalf of Attorney General.
OWENS, J.
¶ 1 Washington's Public Records Act (PRA), chapter 42.56 RCW, gives the public access to the public records of state and local agencies, with the laudable goals of governmental transparency and accountability. This case requires us to consider the extent to which the PRA applies to the judiciary and judicial records. We previously considered this issue in Nast v. Michels, 107 Wash.2d 300, 730 P.2d 54 (1986), where we held that the PRA does not apply to court case files because the judiciary is not included in the PRA's definition of "agency." Id. at 305-06, 730 P.2d 54. We conclude that Nast continues to stand for the principle that the PRA does not apply to the judiciary and that the appellant has not demonstrated a compelling reason to overturn Nast. Under the doctrine of stare decisis, we will overturn precedent only if it is incorrect and harmful and appellant has failed to demonstrate either. Thus, *1173 this court affirms the trial court and holds that the PRA does not apply to the judiciary.

FACTS
¶ 2 In February 2008, David Koenig requested all public records related to the resignation of Federal Way Municipal Court Judge Colleen Hartl, including all correspondence to and from presiding Federal Way Municipal Court Judge Michael Morgan. In response, the city of Federal Way (City) provided 183 pages of documents but it refused to provide correspondence to and from Judge Morgan, asserting that the court was not subject to the PRA under Nast. Koenig persisted in his requests, arguing that Nast was wrongly decided and did not apply in this case. In June 2008, the City filed for an injunction affirming that the municipal court was not subject to the PRA. Koenig filed a cross-motion for summary judgment, asking the trial court to find that the PRA did apply to the municipal court and that the City had violated the PRA by not releasing the requested documents.
¶ 3 In August 2008, Koenig made an additional public records request for a number of records, including documents related to job-related exemptions from jury duty and the appointment of pro tempore judges. Again, the City provided a number of responsive documents but withheld those documents it classified as court documents and therefore not subject to the PRA. In September 2008, the trial court granted the City's motion and held that the municipal court is not subject to the PRA under Nast. Koenig appealed that decision directly to this court.

STANDARD OF REVIEW
¶ 4 We review issues of statutory meaning de novo. State v. Schultz, 146 Wash.2d 540, 544, 48 P.3d 301 (2002). We also review challenges to agency actions under the PRA de novo. Soter v. Cowles Publ'g Co., 162 Wash.2d 716, 731, 174 P.3d 60 (2007). The PRA must be "liberally construed and its exemptions narrowly construed" to ensure that the public's interest is protected. RCW 42.56.030; Livingston v. Cedeno, 164 Wash.2d 46, 50, 186 P.3d 1055 (2008).

ANALYSIS
¶ 5 The PRA "is a strongly-worded mandate for open government" that provides the public with access to public records. Rental Hous. Ass'n of Puget Sound v. City of Des Moines, 165 Wash.2d 525, 527, 199 P.3d 393 (2009); RCW 42.56.070. In Nast, this court held that the PRA did not apply to court case files. 107 Wash.2d at 305-06, 730 P.2d 54. In light of Nast, we must now determine whether the PRA applies to the requested judicial records in this case. We first examine the scope of the holding in Nast and then consider Koenig's argument that we should overrule Nast entirely.

I. Does Nast Apply to the Requested Judicial Records
¶ 6 In Nast, an attorney challenged a new King County court rule that required one-day notice to access court case files, alleging it violated the PRA.[1] 107 Wash.2d at 301-02, 730 P.2d 54. This court held that the PRA did not apply to the case files, giving three reasons: (1) the common law already provided a common law right of access to the files, (2) the PRA did not provide for exceptions to public disclosure requirements developed in the common law, and (3) the PRA did not specifically include courts or court case files. Id. at 307, 730 P.2d 54. Two subsequent Court of Appeals decisions have interpreted Nast to hold that the judiciary and judicial records are not subject to the PRA. Spokane & E. Lawyer v. Tompkins, 136 Wash.App. 616, 621-22, 150 P.3d 158 (upholding denial of public records request for correspondence from county judges to the bar association regarding local lawyers), review denied, 162 Wash.2d 1004, 175 P.3d 1092 (2007); Beuhler v. Small, 115 Wash.App. 914, 918, 64 P.3d 78 (2003) (upholding denial of public records request for a computer file containing a *1174 judge's notes on prior sentences he had imposed).
¶ 7 Koenig argues that the Nast holding should be limited to court case files accessible through the common law, but this interpretation has no basis in the Nast opinion. In Nast, this court looked to the language in the PRA to determine whether the court case files were considered "public records." 107 Wash.2d at 304-05, 730 P.2d 54. The PRA defines a "`[p]ublic record'" as a "writing containing information relating to the conduct of government . . . [that is] prepared, owned, used, or retained by any state or local agency." RCW 42.56.010(2). "`State agency'" is defined as a "state office, department, division, bureau, board, commission, or other state agency." RCW 42.56.010(1). "`Local agency'" is defined as a "county, city, town, municipal corporation, quasi-municipal corporation, or special purpose district, or any office, department, division, bureau, board, commission, or agency thereof, or other local public agency." Id.
¶ 8 The records in Nast and the records at issue here clearly meet the first part of the PRA's definition of public records  both sets of records are writings that contain information relating to the conduct of government. The only question is whether the entity that created the records (here, the judiciary) is a "state or local agency." The Nast court resolved this question, holding that the PRA definitions do not include "either courts or case files." 107 Wash.2d at 306, 730 P.2d 54. Because the records met the other elements of the PRA's definition of public records, Nast necessarily held that the judiciary is not a "state or local agency." We find it unreasonable to now twist this holding to sometimes include the courts in the definition of agency. Either the entity maintaining a record is an agency under the PRA or it is not. Under Nast, the courts are not included in the definition of agency, and thus, the PRA does not apply to the judiciary. As a result, the court records requested by Koenig are not subject to disclosure under the PRA.

II. The Nast Decision
¶ 9 Koenig contends that this court should reconsider Nast entirely because its analysis was erroneous and because a recent amendment to the PRA has incorporated common law exceptions to public disclosure requirements. The principle of stare decisis "`requires a clear showing that an established rule is incorrect and harmful before it is abandoned.'" Riehl v. Foodmaker, Inc., 152 Wash.2d 138, 147, 94 P.3d 930 (2004) (quoting In re Rights to Waters of Stranger Creek, 77 Wash.2d 649, 653, 466 P.2d 508 (1970)). This respect for precedent "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." Payne v. Tennessee, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991).
¶ 10 Koenig argues that the Nast analysis erred because it failed to liberally construe the terms "agency" and "public records." First, this argument was considered by the court in Nast, as evidenced by Justice Durham's dissent on this very issue. Nast, 107 Wash.2d at 311-12, 730 P.2d 54 (Durham, J., dissenting). Making the same arguments that the original court thoroughly considered and decided does not constitute a showing of "incorrect and harmful." Brutsche v. City of Kent, 164 Wash.2d 664, 682, 193 P.3d 110 (2008). Second, the Nast court considered the full definition of agency and found that the judiciary was not included. Nast, 107 Wash.2d at 305, 730 P.2d 54. Indeed, the PRA definition of agency does not include any language referring to courts or the judiciary. The Nast court reasonably concluded that the legislature did not intend to include the judiciary, basing its ruling on a "reading of the entire public records section of the [PRA]." Id. at 306, 730 P.2d 54. Koenig has failed to demonstrate that this holding was incorrect and harmful. Without such a showing, we will not overturn precedent.
¶ 11 Koenig also points out that the third basis for Nast (that the PRA did not include the statutory exemptions honed under the common law right of access to court files) no longer applies because the PRA now incorporates *1175 such statutory exemptions. See RCW 42.56.070(1). While Koenig is correct that the third basis for Nast no longer applies, the broader holding remains. As noted above, the fundamental basis for Nast  that the PRA's definition of agency does not include the judiciary  is sufficient to support Nast's holding. The fact that the third basis no longer applies is not enough to overturn Nast.
¶ 12 More notably, the legislature has declined to modify the PRA's definitions of agency and public records in the 23 years since the Nast decision. This court presumes that the legislature is aware of judicial interpretations of its enactments and takes its failure to amend a statute following a judicial decision interpreting that statute to indicate legislative acquiescence in that decision. Soproni v. Polygon Apartment Partners, 137 Wash.2d 319, 327 n. 3, 971 P.2d 500 (1999). By not modifying the PRA's definition of agency to include the judiciary, the legislature has implicitly assented to our holding in Nast that the PRA does not apply to the judiciary and judicial records.[2]
¶ 13 This court has already ruled on the issue of whether the judiciary is subject to the PRA, and Koenig has not demonstrated that the established rule is incorrect and harmful. Therefore, we affirm the trial court's holding that the PRA does not require the City to release the requested judicial records because the PRA does not apply to the judiciary.[3]

CONCLUSION
¶ 14 This court previously held that the PRA does not apply to the judiciary and the legislature acquiesced to that decision by not modifying the PRA. We see no reason to violate the doctrine of stare decisis here. The trial court correctly held that the PRA does not require the City to release the judicial records requested by Koenig, and we affirm.
WE CONCUR: CHARLES W. JOHNSON, MARY E. FAIRHURST, JAMES M. JOHNSON, TOM CHAMBERS, JJ., and JOEL M. PENOYAR, Justice Pro Tem.
KORSMO, J.[*] (concurring).
¶ 15 Nast v. Michels, 107 Wash.2d 300, 730 P.2d 54 (1986), was wrongly decided. However, only the legislature should overturn the longstanding construction of a statute. It has not done so. Accordingly, Nast does control and requires affirmance.

Nast
¶ 16 At issue in Nast was a King County policy requiring 24-hour notice before a person could check out a court file. The appellant argued that the Public Records Act (PRA), former chapter 42.17 RCW, invalidated the 24-hour notice requirement. Nast, 107 Wash.2d at 301-02, 730 P.2d 54. The Nast court had to address the threshold question of whether the PRA even applied to the records in question before it could decide if appellant was entitled to any relief. As the majority accurately notes, this court concluded that the court files were not public records because the judicial branch of government was not included within the statute's definition of the word "agency." Id. at 305-06, 730 P.2d 54.
¶ 17 Then, as now, that term was defined to mean "all state agencies and all local agencies," including "every state office, department, division, bureau, board, commission, or other state agency." RCW 42.56.010(1). The definition of "local agency" is equally broad. Id.; former RCW 42.17.020(1) (1985).[1] The Nast majority's *1176 exclusion of the judicial branch from that definition, even after noting that the broad definition might apply to the judiciary, is unconvincing. 107 Wash.2d at 305, 730 P.2d 54. The broad definition brooks no exceptions. If the people intended to exempt an entire branch of government from the reach of the PRA, it would seem that a clear statement of such intent would be in order. The mere addition of a few words would have been sufficient to exempt the judicial branch from the reach of the statute. Those words are not there, probably because the people did not see any reason to treat the judicial branch differently from the executive or legislative branches.
¶ 18 In defense of its interpretation, the Nast majority noted that the PRA did not expressly address or exempt the various statutes requiring privacy in certain court records. Id. at 306-07, 730 P.2d 54. This oversight apparently helped convince the court that the judiciary was not intended to be included in the definition of "agency." Id. As originally enacted, Initiative 276 contained many general exemptions for personal or business privacy, and only one of those exemptions referenced a specific statute. Laws of 1973, ch. 1, § 31. While the statement that the PRA did not reference specific statutes was accurate, that observation was also true of many public records maintained by executive branch agencies that had long been subject to confidentiality requirements. E.g., RCW 46.52.080 (creating confidentiality in automobile accident reports and limiting access to them);[2] RCW 68.50.105 (confidentiality of autopsy records).[3] If the failure to reference other statutes requiring confidential treatment of public records meant that the PRA did not apply, then quite a few executive branch agencies needed to be exempted from the act as well. This rationale, which subsequently was amended out of existence in 1987,[4] simply does not support the claim that the people intended to exempt the judiciary from the PRA.
¶ 19 As its first argument, the Nast majority also found that there was no need for the PRA to apply since the common law already permitted access to court files. This argument makes little sense as an aid to statutory interpretation. The question was what the people intended to do in 1972 when they passed Initiative 276, not whether it was necessary for them to include court records in the PRA. RCW 4.04.010 provides that the "common law, so far as it is not inconsistent with" the laws of this state, "shall be the rule of decision in the courts of this state." This court has noted that it will assume that the legislature was aware of common law rules when it adopted a statute, and courts will consider those rules in ascertaining legislative intent. State ex rel. Madden v. Pub. Util. Dist. No. 1, 83 Wash.2d 219, 222, 517 P.2d 585 (1973), cert. denied, 419 U.S. 808, 95 S.Ct. 20, 42 L.Ed.2d 33 (1974). However:
But where, as here, a statute is plain and unambiguous, it must be construed in conformity to its obvious meaning without regard to the previous state of the common law.
Id.
¶ 20 The fact that the common law allowed access to court records did not mean that the people could not exercise their legislative power in a consistent manner. Indeed, by clarifying that all public records are to be accessible, the people harmonized the common law involving government records. The fact that the PRA was consistent with the common law simply did not provide a basis for ignoring the plain language of the PRA.
¶ 21 None of the three reasons set out in Nast justify the decision to ignore the plain language of the PRA. Nast was wrongly decided.

Stare Decisis
¶ 22 The United States Supreme Court has long recognized that the doctrine of stare decisis most strongly applies to issues of statutory construction. Hilton v. S.C. Pub. *1177 Rys. Comm'n, 502 U.S. 197, 202, 112 S.Ct. 560, 116 L.Ed.2d 560 (1991); Patterson v. McLean Credit Union, 491 U.S. 164, 172-73, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); Ill. Brick Co. v. Illinois, 431 U.S. 720, 736, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977). In Hilton, the court declined to alter its interpretation of a statute where Congress had not acted in 28 years to amend it. 502 U.S. at 201-02.
¶ 23 This court recognized the same doctrine in Riehl v. Foodmaker, Inc., 152 Wash.2d 138, 94 P.3d 930 (2004). That case involved an argument that this court's previous construction of a portion of the Washington Law Against Discrimination should be changed. Rejecting the argument, the court first noted that stare decisis requires a showing that a previous rule is both "`incorrect and harmful before it is abandoned.'" Id. at 147, 94 P.3d 930 (quoting In re Rights to Waters of Stranger Creek, 77 Wash.2d 649, 653, 466 P.2d 508 (1970)). Riehl then went on:
Further, "[t]he Legislature is presumed to be aware of judicial interpretation of its enactments," and where statutory language remains unchanged after a court decision the court will not overrule clear precedent interpreting the same statutory language.
Id. (alteration in original) (quoting Friends of Snoqualmie Valley v. King County Boundary Review Bd., 118 Wash.2d 488, 496, 825 P.2d 300 (1992)).
¶ 24 The basis for this reasoning is clear. The purpose of statutory construction is to give effect to the meaning of legislation. Roberts v. Johnson, 137 Wash.2d 84, 91, 969 P.2d 446 (1999). Once a court has construed a statute, the legislative branch is free to clarify its intent by altering the statute if it sees fit. Hilton, 502 U.S. at 202. If it does not do so, then we presume the legislature is satisfied with the interpretation. At some point, legislative acquiescence in the interpretation is assumed.[5]Buchanan v. Int'l Bhd. of Teamsters, 94 Wash.2d 508, 511, 617 P.2d 1004 (1980). When that point is reached, courts essentially lose the ability to change their mind about what the statute means. Riehl, 152 Wash.2d at 147, 94 P.3d 930; Buchanan, 94 Wash.2d at 511, 617 P.2d 1004. The legislative process then becomes the sole method of changing the statute's interpretation.
¶ 25 That is why the standard analysis for considering whether or not to depart from precedent is not dispositive in this situation. Stranger Creek, 77 Wash.2d 649, 466 P.2d 508. If the question were simply whether the decision was both wrong and harmful, Mr. Koenig's request to overturn Nast would have to be granted. As noted previously, Nast was wrongly decided. That it was harmful should also be clear from the statement of public policy adopted by the people in 1972. With respect to public records, the people declared that "full access to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society." Laws of 1973, ch. 1, § 1(11).[6] Denial of this fundamental right asserted by the people cannot be harmless. The traditional standards for abandonment of precedent have been met.
¶ 26 However, this is not a Stranger Creek situation. Nast clearly exempted the judiciary from the PRA. Subsequent cases from the Court of Appeals confirmed that interpretation of Nast. Spokane & E. Lawyer v. Tompkins, 136 Wash.App. 616, 621-22, 150 P.3d 158 (superior court is not an "agency" under the PRA), review denied, 162 Wash.2d 1004, 175 P.3d 1092 (2007); Beuhler v. Small, 115 Wash.App. 914, 918, 64 P.3d 78 (2003) (judge's personal notes not accessible under PRA).
¶ 27 The legislature has acquiesced in the judicial exemption from the PRA because it has not amended the PRA to include the judiciary in the 23 years since Nast. This is a greater period of time than other cases where this court was willing to find acquiescence. *1178 In Riehl, only three years had passed since the challenged interpretation at issue there. 152 Wash.2d at 144, 146-47, 94 P.3d 930. In Buchanan, the legislature had met 22 times in 17 years without amending the statute.[7] 94 Wash.2d at 511, 617 P.2d 1004. Since the elapsed period in this case is longer than that in Riehl and Buchanan combined, this court can safely say that the legislature has acquiesced to the Nast interpretation.
¶ 28 A second reason for finding acquiescence involves the prompt legislative response to a case contemporary to Nast, In re Matter of Rosier, 105 Wash.2d 606, 717 P.2d 1353 (1986). There the legislature expressly altered Rosier's interpretation of the PRA. See Laws of 1987, ch. 403, § 1. In the course of doing so, the amendment also took care of the oversight found by Nast and expressly incorporated confidentiality required by other statutes into the PRA. Id. at § 3. This suggests that the legislature was quite capable of dealing with Nast, if it had been so inclined, when it also revised Rosier. The failure to do so is additional evidence that it is satisfied with Nast.
¶ 29 This court, whether it agrees that Nast was correctly decided or not, simply is no longer in a position to change that interpretation of the PRA. Mr. Koenig's argument is best addressed to the legislature. Accordingly, I agree with the majority that the judgment must be affirmed.
STEPHENS, J. (dissenting).
¶ 30 As the majority and concurring opinions make clear, this case turns on how we read the 1986 decision in Nast v. Michels, 107 Wash.2d 300, 730 P.2d 54 (1986). In my view, Nast should be read narrowly as construing the Public Records Act (PRA)[1] within the context of the records at issue there: court case files. Accordingly, it does not bind us to an interpretation of the current act, chapter 42.56 RCW, that categorically excludes the judicial branch of government from the mandate for open government. Because I believe our branch of government is an "agency" subject to the strictures of the PRA, I respectfully dissent.
¶ 31 The issue before the court in Nast was whether a King County policy requiring 24-hour notice before checking out court case files, as well as charges for copying files, violated the PRA. Nast, 107 Wash.2d at 301, 730 P.2d 54. The court held that the PRA did not apply in this context but that the common law provided citizens a right of access to court case files. Id. at 307, 730 P.2d 54. It articulated three reasons for this decision:
We hold the [PRA] does not apply to court case files because the common law provides access to court case files, and because the [PRA] does not specifically include courts or court case files within its definitions and because to interpret the [PRA] public records section to include court case files undoes all the developed law protecting privacy and governmental interests.
Id.
¶ 32 Notably, in interpreting the PRA, the court recognized that the act broadly defines "agency" and "public record" and that these definitions could be read to include court case files. Id. at 305, 730 P.2d 54. This is significant because the issue before us in this case is not whether the PRA applies to court case files but whether the judicial branch is an "agency" at all. Nast did not answer, indeed could not have answered, this question because it was not before the court at that time. Thus, while I agree with the majority and concurrence that portions of the Nast opinion contain broader language than its holding required, I believe we should follow the narrowest possible reading of the opinion consistent with the issue addressed. See State ex rel. Wittler v. Yelle, 65 Wash.2d *1179 660, 670, 399 P.2d 319 (1965) (recognizing, "[g]eneral statements in every opinion are to be confined to the facts before the court, and limited in their application to the points actually involved"); accord In re Estate of Burns, 131 Wash.2d 104, 113, 928 P.2d 1094 (1997) ("[G]eneral statements . . . are to be confined to the facts and issues of that particular case." (citing Wittler, 65 Wash.2d at 670, 399 P.2d 319)). Moreover, a narrow reading should prevail when we are interpreting the PRA, as it remains "a strongly worded mandate for broad disclosure of public records." Hearst Corp. v. Hoppe, 90 Wash.2d 123, 127, 580 P.2d 246 (1978).
¶ 33 Nor am I persuaded that we should broadly construe Nast and exempt the judicial branch from the PRA simply because two Court of Appeals opinions have done so and the legislature has not reacted. See Spokane & E. Lawyer v. Tompkins, 136 Wash.App. 616, 150 P.3d 158 (2007); Beuhler v. Small, 115 Wash.App. 914, 64 P.3d 78 (2003). In point of fact, another Court of Appeals opinion has held that the PRA applies to a disclosure request for judicial oaths to a superior court administrator. Smith v. Okanogan County, 100 Wash.App. 7, 13, 994 P.2d 857 (2000). And, the Washington attorney general's Open Government Internet Manual, observes that there is "no clear decision" as to the scope and effect of the PRA with respect to judicial records other than court case files. Wash. State Attorney Gen., Open Government Internet Manual ch. 1, § 1.3, http://www.atg.wa.gov/Open Government/InternetManual/Chapter1.aspx (last visited Oct. 6, 2009). The majority and concurrence make too much of the legislature's failure to modify the PRA's definitions of "agency" and "public record" since Nast, given the debatable scope of that decision and its recognition that the present definitions are certainly broad enough to include judicial records. See Nast, 107 Wash.2d at 305, 730 P.2d 54.
¶ 34 In the end, I believe we do a disservice to interpret the PRA, a broad mandate for open government, to exempt entirely the judicial branch of government. Nast is not stare decisis on this question, and courts plainly meet the statutory definition of "agency" in RCW 42.56.010. It seems to me the PRA speaks for itself:
The people of this state do not yield their sovereignty to the agencies that serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may maintain control over the instruments that they have created. This chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy and to assure that the public interest will be fully protected. In the event of conflict between the provisions of this chapter and any other act, the provisions of this chapter shall govern.
RCW 42.56.030. I would reverse the Court of Appeals.
I CONCUR: GERRY L. ALEXANDER, C.J.
NOTES
[1] Nast interpreted the public disclosure act (PDA), former chapter 42.17 RCW, which was later recodified as the current PRA. The definitions at issue are identical. For the sake of consistency, references to the PDA have been changed to the PRA.
[2] We make no comment as to whether such a modification would implicate the separation of powers.
[3] The PRA requires any agency withholding a public record to identify the specific exemption authorizing the withholding and how it relates to the record  essentially a log of withheld documents. RCW 42.56.210(3). Because the withheld documents are not public records under the PRA, they are not subject to the log requirement.
[*] Judge Kevin M. Korsmo is serving as a justice pro tempore of the Supreme Court pursuant to Washington Constitution article IV, section 2(a).
[1] With the exception of some clarification of the meaning of "local agency," the current definitions are identical to those originally enacted. Laws of 1973, ch. 1, § 2(1).
[2] This provision was initially created by Laws of 1937, ch. 189, § 140.
[3] This provision was created by Laws of 1953, ch. 188, § 9.
[4] Laws of 1987, ch. 403, § 3 (now codified as RCW 42.56.070(1)).
[5] While reasonable minds could differ on how long legislative inaction must exist before it can be equated with agreement, once the legislature has acted, or attempted to act, on the statute in question, the judicial interpretation should be considered fixed and unalterable.
[6] Now codified at RCW 42.17.010(11).
[7] Buchanan is particularly compelling because there the United States Supreme Court subsequently interpreted the federal counterpart of a state labor statute in the opposite manner that this court did. 94 Wash.2d at 509-10, 617 P.2d 1004. Nonetheless, this court declined to reconsider the issue and left the matter to the legislative process.
[1] The PRA was initially codified as the public disclosure act, in chapter 42.17 RCW, and later recodified as the PRA in chapter 42.56 RCW. Consistent with the majority and concurring opinions, I refer simply to the PRA.