[No. 43502.    En Banc.    May 29, 1975.]

Yu Hwa Cohen, *Petitioner*, v. Everett City Council, *Respondent*, Everett Herald, *Appellant.*

*G. Douglas Ferguson* (of *Anderson, Hunter, Dewell, Baker & Collins*), for appellant.

*Allen J. Hendricks, City Attorney,* and *Walter C. Sellers* (of *Sellers & Jones*), *Assistant,* for respondent.

Brachtenbach, J.—The broad issue we meet in this case

is whether a trial court may order a court record sealed after deciding a case on the merits. Specifically, when the trial court has reviewed on appeal the written transcript of the proceedings of a city council in a license revocation action, may the court enter an order of confidentiality sealing the transcript? We hold that such order is improper under the facts of this case.

The Everett City Council instituted an action to revoke the city license of a sauna parlor operator, alleging violation of the governing ordinance. At the licensee's request the hearing before the council was in closed session pursuant to RCW 42.30.140 which provides an exception to the Open Public Meetings Act of 1971 and allows an executive session when the matter before the council concerns a license revocation. After the council ordered revocation of the license, the licensee obtained a writ of certiorari to review the council decision and a transcript of the city council proceedings was filed in superior court. The licensee obtained an ex parte order of confidentiality, sealing the record subject only to the view of the presiding judge or the judge to whom the matter was assigned for hearing on the merits. No appeal was taken as to this order and we do not pass upon the court's power to issue such an order prior to a hearing on the merits.

Thereafter the Everett Herald, a daily newspaper, intervened for the limited purpose of contesting issues relating to (1) whether or not the trial on the merits would be open or in camera, and (2) whether the evidence, including the transcript of proceedings before the council, would be sealed and unavailable to the press. No appeal was taken from the order allowing the intervention, and we very deliberately express no view as to the right of a newspaper to intervene in a civil proceeding. It is recognized generally that the right of the media to observe and report judicial proceedings is not a special privilege but rather is equivalent to the right of the public in general to

have open access to public trials. *Tribune Review Publishing Co. v. Thomas*, 254 F.2d 883, 884 (3d Cir. 1958).

The Everett Herald moved to have the order of confidentiality set aside, but the motion was denied "pending a hearing on the merits of the action." Subsequently, the licensee moved to withdraw her appeal of the revocation. The court denied the motion and, after reading the transcript of the license revocation proceedings, confirmed the council's revocation of the license. The court also ordered the transcript sealed and marked "confidential," subject only to review by the prosecuting attorney for the purpose of determining whether any criminal charges should be filed on the basis of information contained in the transcript. After the prosecutor declined to file any criminal action, the court entered a supplemental order resealing the transcript, again to be marked "confidential" and not reopened except upon order of the court. The trial court also denied a second motion of the Everett Herald to set aside the order of confidentiality. We are concerned here only with the newspaper intervenor's appeal from the continuing order of confidentiality. The sauna parlor licensee is not a participant on appeal, only the City of Everett is here as respondent.

At the outset, we emphasize that since there was no appeal from the original preliminary order of confidentiality, the issue before us does not involve the power of the court to keep confidential its records prior to considering a matter on the merits.

We start with the proposition that any trial is usually an open, public proceeding. The United States Supreme Court has said that "A trial is a public event. What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374, 91 L. Ed. 1546, 67 S. Ct. 1249 (1947).

In criminal proceedings both the sixth amendment to the United States Constitution and article 1, section 22 of our state constitution provide the accused with a constitutional right to a public trial. This right is not only imbedded in

the constitution, but is rooted in centuries-old English common law. *In re Oliver*, 333 U.S. 257, 266, 92 L. Ed. 682, 68 S. Ct. 499 (1948). 6 Temp. L.Q. 381 (1932); 4 U.C.L.A. L. Rev. 475 (1957). The respondent contends that it is only in criminal proceedings that the public trial right exists. This argument overlooks article 1, section 10 of our state constitution which mandates that "Justice in all cases shall be administered openly . . ." This separate, clear and specific provision entitles the public, and as noted above the press is part of that public, to openly administered justice.

There are exceptional circumstances and conditions which justify some limitations on open judicial proceedings. For obvious reasons adoption matters are usually heard privately as authorized by statute. RCW 26.32.100. Likewise, hearings in juvenile court are not public. RCW 13.04.091. *In re Lewis*, 51 Wn.2d 193, 316 P.2d 907 (1957), upheld that statute against constitutional attack.

Further, in the exercise of its inherent power, a court may limit attendance to prevent overcrowding of the courtroom, to prevent disorder, to avoid intimidation of witnesses and to prevent minors from hearing salacious testimony. Other conditions may justify similar restrictions. *State v. Collins*, 50 Wn.2d 740, 314 P.2d 660 (1957); *United States v. Fay*, 350 F.2d 967 (2d Cir. 1965); *State v. Lawrence*, 167 N.W.2d 912 (Iowa Sup. Ct. 1969); *Exclusion of public during criminal trial*, Annot., 48 A.L.R.2d 1436 (1956).

In this case however, the order of confidentiality stemmed from the trial court's concern that the transcript of the city council proceedings contained a serious and grave allegation by the sauna parlor licensee against a named individual who was not there present, not represented by anyone and not directly involved in the proceedings.

Holding as we do that our constitution mandates an open public trial in a civil case, absent any of the statutory exceptions or compelling reasons calling for exercise of the

court's inherent power to control its proceedings, we must determine whether the trial court's action in this case had reached a stage where justice was being "administered" and therefore constitutionally required to be open.

■ The trial court's review of the proceedings of the city council's action was a review of the transcript of those proceedings. That was the record before the court; in essence that record was the equivalent of testimony. As such it became public property. In the usual case, testimony cannot be taken in or kept secret. Once the court reached the merits of the controversy, the testimony—transcript— had to be part of the public record. While the purpose of the trial court was laudable, there was no statutory basis for its action, and we conclude that the court's reasons for secret adjudication in this matter are not of sufficient public importance to justify exception to the requirement of Const. art. 1, § 10.

■ Respondent argues that the superior court was authorized to seal the transcript of the revocation proceedings under either of two statutory provisions. First it is argued that since the transcript consisted of the minutes of the city council's executive session which are not public records under RCW 42.32.030, it follows that the record carries with it its own confidentiality. But the minutes lost their confidential nature when they became the basis for judicial review on the merits. What is statutorily secret in one context is not necessarily so when it moves into the judicial arena.

Next it is urged that the court may enjoin the examination of any record under the terms of RCW 42.17.330 which provides:

> The examination of any specific record may be enjoined if, upon motion and affidavit, the superior court for the county in which the movant resides or in which the record is maintained, finds that such examination would clearly not be in the public interest and would substantially and irreparably damage any person, or

would substantially and irreparably damage vital governmental functions.

■ That statute is part of the public disclosure law resulting from the people's enactment of Initiative 276. RCW 42.17.250 and .260, part of the codification of that initiative, require every state agency to make available for public inspection all public records. The city does not address the threshold question of whether a trial court is a state agency within the statute. However, we do not reach that issue because, even if RCW 42.17.330 were applicable, it was not cited to the court, is raised for the first time on appeal, and the court did not find, as required by the statute, that examination of this particular record would clearly not be in the public interest.

The trial court is reversed and the order of confidentiality vacated.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., concur.